UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY MCNAIR,

        Plaintiff,

  -against-

N.Y.C.D.O.C. COMM. JOSEPH PONTE, et al.,

        Defendants.

No. 16 Civ. 2778 (LAP)

ORDER

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    Mr. McNair initiated this action in 2016, amended the complaint in 2017, and, since then, has not taken any steps to move the case forward. (Dkt. nos. 2, 44.) On August 8, 2019, the Court issued an order reminding Mr. McNair of his obligation to respond to Defendants' pending motion to dismiss and warning him that "failure to respond may result in dismissal of the action." (Dkt. no. 53.) That was over a year ago, and the Court has not heard anything from Mr. McNair in the interim. Accordingly, this action is dismissed for failure to prosecute.

    Federal Rule of Civil Procedure 41(b) authorizes courts to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); see also La Sane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case sua

sponte for failure to prosecute."). When deciding whether to dismiss a case under Rule 41(b), courts must consider: (1) the duration of the plaintiff's inactivity; (2) whether the plaintiff was advised that his conduct could result in dismissal; (3) whether defendant is likely to suffer prejudice; (4) the balance between the court's "interest in managing its docket" and "plaintiff's interest in receiving an opportunity to be heard;" and (5) "the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000) (citations omitted).

Having considered the above factors, the Court finds that dismissal is warranted here, as Mr. McNair has remained dormant since 2017 despite the Court's express warning over one year ago that further inertia could lead to dismissal. The proper sanction, however, is dismissal without prejudice. See Amoroso v. County of Suffolk, No. 08 Civ. 826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010) ("[D]ismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity.").

For the foregoing reasons, the case is dismissed without prejudice under Rule 41(b). The Clerk of the Court shall mark

the action closed and all pending motions denied as moot and shall mail a copy of this order to Mr. McNair.

SO ORDERED.

Dated: October 2, 2020
       New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.